# Haden *v.* Troy.

## *Assumpsit.*

(Decided May 21, 1908.  46 South. 753.)

*Instruction; Affirmative Charge; Conflicting Testimony.*—Where there is a conflict in the testimony as to any material matters necessary to be shown, the affirmative charge should not be given.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Assumpsit by Alexander Troy, as surviving partner against Charles W. Haden, for an attorney's fee. Judgment for plaintiff and defendant appeals. Reversed and remanded.

E. J. PARSONS, and E. S. THIGPEN, for appellant. The court erred in giving the affirmative charge for the plaintiff and in refusing a like charge for defendant.—*Tisdale v. Troy*, in MS; *Lucas v. Patterson*, 94 Ala. 616; *Baldridge v. Eason*, 99 Ala. 516; *McKissack v. Witz*, 120 Ala. 412; *Compton v. Smith*, 120 Ala. 233; *Freeman v. Pulley*, 119 Ala. 235; *Hill v. McNeel*, 6 Port. 29. The affirmative charge should never be given where adverse inferences might be drawn from the undisputed facts.—*Cole's case*, 119 Ala. 99; *Abbott's case*, 119 Ala. 595. Plaintiff cannot recover on the common count.—*Burkham v. Spears*, 56 Ala. 547; *Martin v. Master*, 127 Ala. 504.

[Haden v. Troy.]

GUNTER & GUNTER, for appellee. The proper action was brought in the proper way.—*Holmes v. DeCamp,* 34 John. 36; 1 Chitty on Pleading, pp. 19, 91, 50 and 202; *Rice v. Rice,* 106 Ala. 636; *Hirschfelder v. Mitchell,* 54 Ala. 419; *Tilley v. Harrison,* 91 Ala. 295. Defendant breached the contract and the plaintiff has the right to sue upon the quantum meruit.—*Worthington v. McGarry,* 42 South. 988; *Rhoem v. Horst,* 178 U. S. 1.

SIMPSON, J.—This is a suit by the appellee against the appellant on the common counts. The claim of the plaintiff is that the law firm of which he is now the surviving member rendered legal services to the defendant in a certain suit in the United States courts. There seems to be no controversy about the facts, namely, that the services were rendered in a certain case in which one Tisdale was the nominal plaintiff and the United States government was defendant.

The subject of the suit was certain fees claimed to be due by the government to certain United States deputy marshals. The defendant himself testifies that he had a contract with the deputies by which he was to have 50 per cent. of the amount recovered, on condition that he was to select an attorney, have the suit brought, etc.; that he did employ said firm, agreeing with them that he was to do certain work in getting up the statement of account, etc., and said firm was to attend to the litigation, in consideration of which said firm was to have 25 per cent. of the amount recovered. The defendant, however, states that he did not employ said firm individually, but only as agent, for the deputy marshals, and that it was understood between himself and said firm that the 50 per cent was to be allowed by the deputies for the successful prosecution of the case and was to be divided between said law firm and himself.

Conceding, without deciding, that the suit is properly brought by the surviving partner, there was a conflict in the evidence as to the nature of the employment, and also as to the circumstances of the dismissal of the case; the defendant's testimony tending to show that the attorneys had abandoned the case, and that it was dismissed, in accordance with the advice of Mr. Watts, who was associated with Mr. Troy in the management of the case after the death of Col. Tompkins, and who really had the management of the case. Consequently the court erred in giving the general charge in favor of the plaintiff.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.